# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HUGH P. O'SHIELDS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO.: 2:17-cv-00553-RDP |
| | ) |
| **GEICO GENERAL INSURANCE** | ) |
| **COMPANY; GEICO CASUALTY** | ) |
| **COMPANY,** | ) |
| | ) |
|     **Defendant.** | ) |

## ANSWER

COMES NOW Defendant GEICO Casualty Company and for answer to Plaintiff's Complaint, says as follows:

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Upon information and belief, Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 14 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint. The policy in question was issued to Plaintiff by GEICO Casualty Company.

17. Defendant admits the policy in question was in effect at the time of the accident made the basis of this lawsuit. Defendant denies the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint. The policy in question was issued to Plaintiff by GEICO Casualty Company.

18. Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant prays for a judgment in its favor, taxing costs of this matter to the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action contained therein, fails to state a claim upon which relief may be granted against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendant pleads the affirmative defenses of contributory negligence.

## THIRD AFFIRMATIVE DEFENSE

Defendant has performed its duties as required under any alleged insurance policy at issue.

## FOURTH AFFIRMATIVE DEFENSE

Defendant contests the extent of the alleged injuries to plaintiff and demand strict proof thereof.

## FIFTH AFFIRMATIVE DEFENSE

Defendant states that any injury to the Plaintiff was not caused by this incident but was, in fact, a pre-existing condition.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that it is entitled to a set off or credit of any settlement amounts paid by any party or potential party to this litigation, whether named herein, pursuant to <u>Williams v. Colquitt</u>, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that any liability against it is limited and restricted by the terms and conditions of any applicable insurance policy, and hereby raise all such limitations and restrictions, as if completely set forth in full herein.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers failure of conditions precedent to the maintenance of this lawsuit for contractual benefits.

## NINETH AFFIRMATIVE DEFENSE

The Defendant reserves the right to amend its Answer when discovery is completed.

**DEFENDANT DEMANDS A TRIAL BY STRUCK JURY**.

/s/ Kenneth A. Dowdy_____
Kenneth A. Dowdy (DOW015)
Attorney for GEICO Casualty Company and
GEICO General Insurance Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government
　Employees Insurance Company
One Independence Plaza
Suite 322
Birmingham, AL  35209
Telephone:  (205) 877-9540
Facsimile:   (205) 877-9546
Email:        kdowdy@geico.com

**CERTIFICATE OF SERVICE**

　　　I hereby certify that on the 21st day of April 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and placed a copy of same in the United States Mail addressed to the following:

W. Chambers Waller, IV, Esq.
J. Mark White, Esq.
White, Arnold & Dowd, P.C.
2025 Third Avenue North, Suite 500
Birmingham, Alabama 35203

　　　　　　　　　　　　　　　　/s/ Kenneth A. Dowdy_____
　　　　　　　　　　　　　　　　OF COUNSEL